# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-319-MOC-DCK

| | |
|---|---|
| WES JOHNSON, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER**<br>) |
| CAROLINA MOTOR CLUB, INC., d/b/a<br>AAA CAROLINAS, et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For Partial Dismissal of Plaintiffs' Amended Complaint" (Document No. 19) filed November 2, 2021. Having carefully considered the motion, the record, and applicable authority, and in consultation with Judge Cogburn's chambers, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

On November 16, 2021, Plaintiffs filed their second "Amended Class Action Complaint" (Document No. 23) ("Second Amended Complaint"). For the reasons stated below, the undersigned will direct that "Defendants' Motion For Partial Dismissal of Plaintiffs' Amended Complaint" (Document No. 19) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 F.App'x 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Second Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Second Amended Complaint, if necessary, after the stay of this matter is lifted.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion For Partial Dismissal of Plaintiffs' Amended Complaint" (Document No. 19) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: December 1, 2021

David C. Keesler
United States Magistrate Judge