IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case Action No. 3:21-cv-319-MOC-DCK

WES JOHNSON, and TAMEKIA BOTTOMS, individually and on behalf of all other similarly situated, The AAA Carolina Savings & Investment Plan and The Auto Club Group Tax Deferred Savings Plan,

Plaintiffs,

v.

CAROLINA MOTOR CLUB, INC. d/b/a AAA Carolinas; and THE AUTO CLUB GROUP,

Defendants.

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiffs respectfully files this Motion to Rule 23(e) of the Rule of Federal Procedure for preliminary approval of class settlement.

1. This litigation was commenced on July 6, 2021. It alleges that Defendants breached their duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by offering unreasonably priced investment options and allowing excessive compensation to be paid to service providers in connection with AAA Carolina Savings & Investment Plan and the Auto Club Group Tax Deferred Savings Plan to the extent that members of the AAA Carolina Savings & Investment Plan became participants in the Auto Club Group Tax Deferred Savings Plan. In this Motion, the "Plan" will refer to the AAA Carolina Savings & Investment Plan and the Auto Club Group Tax Deferred Savings Plan to the extent that members of the AAA Carolina Savings & Investment Plan became members of the Auto

Club Group Tax Deferred Savings Plan when Carolina Motor Club, Inc. merged with the Auto Club Group.

2. On June 8, 2022, after motions practice and extensive negotiations, the parties agreed to a settlement at mediation. Plaintiffs now respectfully requests the Court to grant preliminary approval of the settlement, which is memorialized with this settlement agreement which is Exhibit 1 to this Motion. Defendants join in the relief requested but deny the averments, allegations, and claims made by plaintiffs.

3. The "Settlement Class" includes all members of the Plan as the Plan was defined above between July 6, 2014 until the date the Court grants preliminary approval.

4. This Settlement is fundamentally fair, adequate and reasonable in light of the circumstances of this case. Preliminary approval of this settlement is in the best interest of Class Members. In return for a release given to them by the Class Representatives and the Class Members for the claims that were or could have been asserted in this lawsuit, Defendants have agreed to pay a sum of $500,000 into a "Gross Settlement Fund". The parties have further agreed to non-monetary settlement terms, as is specified elsewhere in the Settlement Agreement. As is set forth in paragraph 13 of the Settlement Agreement, a $50,000 payment will be made by Defendants to cover settlement expenses within 21 days of the Court granting Preliminary Approval or of the Defendants receiving information identifying an appropriate bank account to send said funds, whichever occurs later.

5. The purpose of preliminary approval is to determine whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce,* 690 F.2d 616, 621 n. 3, 7th Cir. (1982). The preliminary approval hearing is not the fairness hearing. (*Id.*)

2

6. The settlement reached between the parties here more than satisfies the standard within the range of possible approval by the Court given the significant nature of the case as a result reached by the parties after much hard work. Preliminary approval with not foreclose interested persons from objecting to the settlement and thereby presenting their dissenting views, if any, to the Court.

7. Plaintiffs submit to the Court a memorandum supporting this motion as well as an affidavit of class counsel, which is Exhibit 2 to this Motion.

WHEREFORE, the parties request the following:

1. That the Court preliminarily approve the Settlement Agreement (Ex. 1) or, alternately, hold a hearing to review the settlement agreement, thus issuing a Preliminary Approval Order;

2. That the Court approve the proposed Settlement Notice and authorize distribution of same to the Settlement Class;

3. That the Court preliminarily certify the Settlement Class for settlement purposes;

4. The Court schedule a Final Fairness Hearing for purpose of receiving evidence, argument, and any objections to the settlement agreement; and

5. That following the Final Fairness Hearing, the Court enter an Order granting final approval of the parties' settlement and dismissing the Complaint in the action with prejudice.

This the 14th day of September, 2022

/s/ Andrew L. Fitzgerald
Andrew L. Fitzgerald, N.C.S.B. 31522
FITZGERALD, HANNA
SULLIVAN, PLLC
119 Brookstown Ave., Ste. 402
Winston-Salem, NC 27101
Telephone: (336) 793-4365
andy@fhslitigation.com

/s/ Douglas W. Hanna
Douglas W. Hanna, N.C.S.B. 18225
FITZGERALD, HANNA
SULLIVAN, PLLC
3737 Glenwood Ave., Suite 375
Raleigh, NC 27612
Telephone: (919) 863-9091
dhanna@fhslitigation.com

## **CERTFICATE OF SERVICE**

      I hereby certify that on September 14, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record at the email address(es) listed below:

                                                                 */s/ Andrew Fitzgerald*
                                                                   Andrew L. Fitzgerald