Exhibit 1

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Case Action No. 3:21-cv-319-MOC-DCK

| | |
|---|---|
| WES JOHNSON, and TAMEKIA BOTTOMS, individually and on behalf of all other similarly situated, The AAA Carolinas Savings & Investment Plan and The Auto Club Group Tax Deferred Savings Plan,<br><br>    Plaintiffs,<br><br>v.<br><br>CAROLINA MOTOR CLUB, INC. d/b/a AAA Carolinas and THE AUTO CLUB GROUP, INC.,<br><br>    Defendants. | **SETTLEMENT AGREEMENT AND STIPULATION** |

Plaintiffs, Wes Johnson and Tamekia Bottoms ("Plaintiffs"), and Defendants Carolina Motor Club, Inc., d/b/a AAA Carolinas ("CMC") and The Auto Club Group ("ACG") (collectively, "Defendants"), enter into this Settlement Agreement and Stipulation (the "Agreement" or the "Stipulation").

**RECITALS**

A.    Plaintiffs brought this action against Defendants in the United States District Court for the Western District of North Carolina (the "District Court") on July 6, 2021, Case No. 3:21-cv-00319 (the "Action").

B.    In the Amended Class Action Complaint (ECF No. 23, the "Amended Complaint"), Plaintiffs alleged a number of causes of action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs alleged that Defendants (1) selected and maintained several funds in the AAA Carolinas Savings & Investment

Plan (merged into The Auto Club Group 401(k) Plan (f/k/a The Auto Club Group Tax-Deferred Savings Plan)) (the "Plan") that charged excessive management fees and/or underperformed compared to other available funds; (2) selected more expensive share classes of funds where cheaper share classes were available; (3) paid excessive fees to the Plan's recordkeeper and investment advisor; (4) failed to sufficiently diversify the Plan's investment menu; and (5) failed to take part in IRS or DOL voluntary corrective programs to correct the alleged breaches of fiduciary duties. The Amended Complaint sought equitable relief pursuant to 29 U.S.C. §§1109 and 1132(a)(2) ( ERISA §§ 409, 502(a)(2), and 502 (a)(3)), specifically the restoration by Defendants to the Plan of losses allegedly caused by Defendants' alleged breaches of fiduciary duties. The Amended Complaint also sought costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1) and the common fund doctrine.

C.     Plaintiffs brought this action on behalf of a proposed class of current and former participants in the Plan (including those whose plan accounts were merged into The Auto Club Group 401(k) Plan (f/k/a The Auto Club Group Tax-Deferred Savings Plan). (ECF No. 23, at¶ 6).

D.     Plaintiffs and Defendants (collectively, "the Parties"), through counsel, conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, including a day-long mediation with Robert Meyer of JAMS on June 8, 2022. The Parties exchanged mediation statements, which included argument, analysis, and damages calculations of consulting experts. Following negotiations, the Parties reached agreement on material terms of the Settlement, including the amount of the settlement fund and non-monetary relief (the "Settlement"), as set forth herein.

E.     The terms "Settlement Class" or "Settlement Class Members" as used in this Agreement shall refer to:

> All participants and beneficiaries in the AAA Carolinas Savings & Investment Plan (including those whose plan accounts were merged into The Auto Club Group 401(k) Plan (f/k/a The Auto Club Group Tax-Deferred Savings Plan)).

The "Class Period" shall be defined as July 6, 2014 through the date the Court grants preliminary approval of the settlement.

F.     Each Defendant denies each and every allegation of wrongdoing made in the Amended Complaint and contends that it has no liability in the Action. Each Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administration of the Plan, the administrative fees or expenses incurred by the Plan, or the investments in the Plan, at any time, and further denies that it in any way failed to act prudently or loyally as to the Plan participants and beneficiaries.

G.     Plaintiffs' counsel have conducted a thorough investigation into the facts, circumstances, and legal issues associated with the Action. This investigation has included: (i) researching the applicable law with respect to the claims asserted and the potential defenses thereto; (ii) analyzing Plan documents and evaluating the administration of the Plan, including data pertaining to the administrative fees and expenses paid by the Plan and the investments in the Plan during the Class Period; (c) investigating comparable 401(k) Plans to assess steps that reasonable fiduciaries in similar circumstances take, in order to protect and advance the interests of participants and beneficiaries; and (4) obtaining analyses from consulting experts on liability and damages issues.

H.     Defendants' counsel have investigated Plaintiffs' claims, the underlying events and transactions alleged in the Amended Complaint, and the operation and administration of the Plan. Defendants' counsel have reviewed numerous documents, obtained analysis from consulting experts on liability and damages, and made a thorough study of the applicable legal principles

governing Plaintiffs' claims and Defendants' defenses in the Action.

I.     Based on their investigation of the merits of this Action, the course of the litigation to date, and their knowledge and experience with respect to similar ERISA litigations, Plaintiffs' counsel believe that the Settlement will provide substantial benefits to the Settlement Class. When the benefits conferred by the Settlement are weighed against the attendant risks of continuing to prosecute the Action, Plaintiffs' counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class. In reaching this conclusion, Plaintiffs' counsel have considered, among other things, the risks of litigation (including the risks of establishing both liability and any loss to the Plan), the time necessary to achieve a final resolution through litigation and any appeals, the complexity of the claims set forth in the Amended Complaint, the ability of Defendants to withstand judgment, the existence of insurance coverage, and the benefits accruing to the Plan's participants under the Settlement.

J.     Although Defendants have denied and continue to deny all liability with respect to the claims alleged in the Amended Complaint, Defendants nevertheless consider it desirable that any and all possible controversies and disputes arising out of or during the Class Period that relate to the matters, transactions, and occurrences referenced in the Amended Complaint be conclusively resolved and terminated on the terms and conditions set forth below. The Settlement and the attendant final dismissal of the Amended Complaint will avoid the substantial expense, inconvenience, and risk of continued litigation and will bring Plaintiffs' claims and potential claims to an end.

K.     The Parties have reached the Settlement, by and through their respective undersigned counsel, on the terms and conditions set forth in this Agreement.

**NOW, THEREFORE,** in consideration of the promises, covenants, and agreements herein described and the Parties intending to be legally bound**, IT IS HEREBY STIPULATED AND AGREED** by the Parties:

## Stipulation to Certification of the Settlement Class

1.      For Settlement purposes only, this Action shall proceed as a non-opt out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), with Plaintiffs' counsel Fitzgerald Hanna & Sullivan, PLLC ("Class Counsel"), and with a Settlement Class as defined in Paragraph E of this Agreement.

## Preliminary Approval

2.      Promptly after the execution of this Agreement by the Parties, Plaintiffs shall file a Motion for Preliminary Approval with the Court, seeking entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Preliminary Approval Order") and approval of notice to the Settlement Class Members, substantially in the form attached hereto as **Exhibit 2** (the "Class Notice"). Plaintiffs shall request that a final fairness hearing be held at least one hundred and twenty (120) days from the date of the entry of the Preliminary Approval Order for the Court to consider whether the terms of the Settlement are fair, reasonable, and adequate and thus should be finally approved and implemented by the Court pursuant to Federal Rule of Civil Procedure 23(e). Defendants shall not oppose the relief requested in the Motion for Preliminary Approval, provided it is consistent with the terms and conditions of the Settlement. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall, at their own expense, cause to be prepared and provided the notices required by CAFA, as specified by 28 U.S.C. § 1715, within ten (10) calendar days after the filing of the Motion for Preliminary Approval of Settlement. Defendants' counsel will provide Class Counsel with a sample of the CAFA notice provided by Defendants pursuant to

this Paragraph.

3.     If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is approved preliminarily by the Court, Class Counsel shall retain at their discretion a person or firm to administer and disseminate the Class Notice to the Settlement Class Members (the "Settlement Administrator"), subject to Defendants' reasonable approval.  The Settlement Administrator shall cause the Class Notice to be disseminated in the manner and on the dates set in the Preliminary Approval Order to the Settlement Class Members.  Costs associated with the Class Notice and its dissemination shall be paid out of the Settlement Fund, as that term is defined herein.

### Final Approval

4.     If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is preliminarily approved by the Court, Class Counsel shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit 3** (the "Final Approval Order"), which, among other things:

(a)     approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and directs consummation of the Settlement in accordance with the terms and conditions of this Agreement & Stipulation;

(b)     certifies the Settlement Class as a non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(c)     determines that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class;

(d)     approves a Plan of Allocation consistent with Paragraphs 29-33 of this Agreement;

Page - 6 - of 25

(e)     determines what legal fees and expenses should be awarded or reserved for award to Class Counsel out of the Settlement Amount, as contemplated by Paragraph 22 of this Agreement;

(f)     determines what amount, if any, should be awarded to Plaintiffs for their participation in this Action, as contemplated by Paragraph 26 of this Agreement;

(g)     dismisses the Action with prejudice as to all Defendants and operates to extinguish, discharge, and release any and all Released Claims against the Releasees (as defined in Paragraphs 7-11 of this Agreement), without costs except as herein provided, said dismissal being subject only to compliance by the Parties with the terms of this Agreement and any order of the Court concerning this Agreement;

(h)     bars and enjoins Settlement Class Members and the Plan from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees;

(i)     permanently enjoins Plaintiffs, Settlement Class Members, and the Plan from asserting, commencing, prosecuting, or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in any court asserting such Released Claims or from receiving any additional recovery or relief from any Releasees with respect thereto; and

(j)     solely for the avoidance of doubt, it is the intent of the parties that the Released Claims include all breach of fiduciary duty and prohibited transaction claims that were brought or could have been brought against the Releasees relating to the selection or monitoring of Plan investment options, the associated investment costs (direct or indirect), or service-provider fees charged to the Plan during the Class Period.

Page - 7 - of 25

5.    Class Counsel shall file with the Court a motion for entry of the Final Approval Order no later than twenty-eight (28) calendar days before the final fairness hearing.

### Date of Complete Settlement Approval

6.    For purposes of this Agreement, "Complete Settlement Approval" shall occur when all of the following have taken place: (a) entry of the Final Approval Order approving the Settlement; and (b) the expiration of all applicable appeal periods for any appeals of the Final Approval Order, without any appeal having been filed or, if an appeal is taken, upon entry of an order affirming the Final Approval Order, and the expiration of any applicable period for the reconsideration, rehearing, or appeal of such affirmance without any motion for reconsideration, rehearing, or further appeal having been filed.   Upon Complete Settlement Approval, the Settlement shall become "Final."   The pendency of unresolved issues regarding the Plan of Allocation and/or attorneys' fees/expenses shall not affect the finality of the Settlement.

### Release

7.    Upon Complete Settlement Approval, Plaintiffs, Settlement Class Members and the Plan (by and through the Independent Fiduciary) shall release any and all claims of any nature whatsoever concerning the Plan or any and all claims concerning the Plan (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), including, without limitation, all claims asserted in the Amended Complaint for losses suffered by the Plan, or by Plan's participants or beneficiaries, whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising out of any or all of the acts, omissions, facts, matters, transactions or occurrences that are,

Page - 8 - of 25

were or could have been alleged, asserted, or set forth in the Amended Complaint, so long as they are related to any of the allegations or claims asserted in the Amended Complaint, or would be barred by principles of *res judicata* had the claims asserted in the Amended Complaint been fully litigated and resulted in a final judgment or order, including but not limited to claims that Defendants and/or any fiduciaries of the Plan breached ERISA fiduciary duties during the Class Period or engaged in any prohibited transactions in connection with: (a) the selection, retention and/or monitoring of the investment options available in the Plan, (b) the appointment and/or monitoring of the Plan's fiduciaries and service providers, (c) the recordkeeping fees, administrative fees, and expenses incurred by the Plan, (d) the prudence and loyalty of the Plan's fiduciaries; and/or (e) any claims that Defendants, or any other fiduciary or service provider to the Plan, engaged in any transaction(s) prohibited by ERISA §§406-408, 29 U.S.C. 1106-1108, in connection with the operative facts set forth in the Amended Complaint ("Released Claims").

8. Released Claims shall extend to Defendants, all entity members of The Auto Club Group, and the insurers and re-insurers, directors, officers, trustees, employees, committees, fiduciaries, administrators, agents, attorneys, subsidiaries, affiliates, predecessors, and successors of Defendants, including, without limitation, any and all current or former fiduciaries of the Plan, their counsel, and all service providers to the Plan (and their affiliates), during the Class Period (collectively, the "Releasees").

9. Upon Complete Settlement Approval, Plaintiffs, Settlement Class Members, and the Plan (by and through the Independent Fiduciary) expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by (a) § 1542 of the California Civil Code, which provides that a "general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of

Case 3:21-cv-00319-MOC-DCK   Document 38-1   Filed 09/14/22   Page 9 of 36     9

executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party," and (b) any similar state, federal, or other law, rule or regulation or principle of common law of any domestic or foreign governmental entity. Plaintiffs, Settlement Class Members, and the Plan may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims with respect to any Releasees, but Plaintiffs, Settlement Class Members, and the Plan hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims as to the Releasees, without regard to the subsequent discovery or existence of such other or different facts.

10.    Upon Complete Settlement Approval, Defendants absolutely and unconditionally release and forever discharge Plaintiffs, the Settlement Class, and Class Counsel (collectively, the "Plaintiffs Released Parties") from any and all Claims relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that the release shall not include claims relating to the covenants or obligations set forth in this Agreement.  The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs, the Settlement Class, the Plan, and Class Counsel against the Releasees with respect to the Released Claims.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.  The Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action and agree that, except as expressly set forth herein, each party shall bear his, her, or its own costs and expenses, including attorneys' fees.

11.     Notwithstanding any other provision of the Stipulation, Plaintiffs and Settlement Class Members shall not be deemed to have barred, waived, or released any claim by any individual participant concerning his or her individual eligibility for benefits under the Plan or to contest the correct amount of such benefit, except to the extent that such claim may relate to the claims asserted in the Amended Complaint.

### Payment of Settlement Amount

12.     Plaintiffs, on behalf of the Settlement Class and the Plan, agree to settle and resolve fully the claims asserted in the Action against the Releasees, including the Released Claims, for FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) (the "Settlement Amount").  In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in Paragraphs 7-11 above, Defendants shall pay and/or shall cause the Defendants' insurance carrier(s) to pay the Settlement Amount.

13.     Within twenty-one (21) business days after the Court enters a Preliminary Approval Order or after the Defendants receive the appropriate account information and instructions to process payment from Class Counsel, whichever is later, Defendants shall pay and/or shall cause the Defendants' insurance carrier(s) to pay $50,000.00 of the Settlement Amount to a non-interest bearing FDIC-insured account identified by Class Counsel (the "Settlement Account") to cover the initial Settlement Administrative Expenses and the costs of sending Notice to the Settlement Class.  If the Settlement is not approved by the Court or either party has withdrawn from the Settlement as per paragraphs 34-36 of this Agreement, the $50,000.00 will be returned to the Defendants within 10 days of such termination of the Settlement, less amounts expended to provide Class Notice.

14.     Within thirty (30) calendar days after Complete Settlement Approval, Defendants

Page - 11 - of 25

shall pay and/or shall cause the Defendants' insurance carrier(s) to pay the remaining balance $450,000.00 of the Settlement Amount to the Settlement Account using the same information provided for the payment in Paragraph 13. Defendants shall pay and/or cause the Defendants' insurance carrier(s) to pay the Settlement Amount consistent with the terms of the Settlement. Except as otherwise provided herein, under no circumstances shall Defendants or Defendants' insurance carrier(s) be required to pay, or cause to be paid, any amounts that exceed the Settlement Amount specified in Paragraph 12. Upon payment of the Settlement Amount, all of Defendants' payment obligations under this Agreement shall be satisfied and discharged in full. To the extent the Settlement Amount will be funded by insurance proceeds, for purposes of this Agreement, any such amounts shall be considered to have been paid by Defendants.

15.     The Settlement Amount delivered to the Settlement Account shall constitute the "Settlement Fund," which shall be governed by the terms of this Agreement. No later than five (5) calendar days following the Court's entry of the Preliminary Approval Order, Class Counsel shall provide Defendants with the name of the financial institution and the payee name along with the W-9 for the Settlement Account. The Settlement Fund will be subject to the jurisdiction of the Court.

16.     The Settlement Fund shall be used to pay for: (a) all Settlement Administration Expenses as described in Paragraphs 19-20; (b) the attorneys' fee and expense award, if any, referred to in Paragraphs 22-25; and (c) the Plaintiffs' case-contribution awards if any, referred to in Paragraph 26. The balance of the Settlement Fund (inclusive of interest earned) after the matters described in this Paragraph and after the payment of any taxes or other charges allowed against the Settlement Fund under the terms of this Agreement shall be the Net Settlement Fund.

17.     Although Defendants deny any fault, liability, or wrongdoing, the Parties agree that

the payment of the Settlement Amount is intended as settlement of this Action for alleged breach of fiduciary duty claims under ERISA for allegedly lost earnings on the Plan assets and shall be treated as earnings for all purposes under the Plan with respect to Settlement Class Members.

18. With the sole exception of the Defendants' obligation to make payments or to cause Defendants' insurance carrier(s) to make payments to be paid to the Settlement Account as provided for in Paragraphs 12-15, the Defendants, their insurance carrier(s), the Releasees, and Defendants' counsel shall have no liability with respect to the Settlement Account for the monies maintained in the Settlement Fund, including, without limitation, any liability related to any fees, taxes,[1] investment decisions, losses or value fluctuations, maintenance, supervision, or distributions of any portion of the Settlement Amount. In addition, Defendants, the Releasees, Plaintiffs and their respective counsel shall have no responsibility for or liability with respect to any act, decision, omission, or determination of the Settlement Account by the Settlement Administrator or any of its respective designees or agents, in connection with the calculations of the distribution and administration of the Settlement or the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund.

**Payment of Settlement Administrative Expenses**

19. Upon preliminary approval by the Court, all reasonable expenses incurred by the Settlement Administrator associated with identifying the Settlement Class Members and effecting dissemination of the Class Notice as required by the Court in the Preliminary Approval Order may be paid from the initial payment of $50,000.00 to the Settlement Account referenced in Paragraph

---

[1] "Taxes" means all taxes (federal, state, county or municipal), whether income, excise or otherwise, on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the expenses of tax attorneys and accountants).

Page - 13 - of 25

13.

20.     "Settlement Administration Expenses" includes all of the costs and expenses of the Settlement Administrator in connection with the tasks set forth in Paragraphs 19-20, 25, and 30-31, as are approved by the Settlement Administrator and Class Counsel.   All Settlement Administration Expenses shall be borne by and paid from the Settlement Fund.

### Payment of Fees and Expenses of the Independent Fiduciary

21.     Defendants shall retain at their discretion an Independent Fiduciary to review and consider the Settlement on behalf of the Plan and its current fiduciary or fiduciaries, and determine whether the Settlement is reasonable and fair, as more fully described in Paragraph 37(b) below. The Defendants and/or their insurance carrier(s) shall pay up to $25,000 toward costs of the Independent Fiduciary, and anticipate that the cost of the Independent Fiduciary will not exceed that amount.  If the cost does exceed $25,000.00, Plaintiffs will bear the remaining cost.

### Payment of Attorneys' Fees and Expenses

22.     Class Counsel's attorneys' fees and expenses will be subject to the Court's approval and shall be paid out of the Settlement Fund as specified in Paragraph 15 of this Agreement. Defendants shall take no position directly or indirectly on Class Counsel's application for attorneys' fees and expenses, provided that Class Counsel do not request an award of attorneys' fees higher than one-third (1/3) of the Settlement Amount.  The Parties shall leave the amount of Class Counsel's attorneys' fees and expenses to the sound discretion of the Court.

23.     The Court's consideration of requests for Class Counsel's fees and expenses are matters separate and apart from the Settlement between the Parties, and the Court's decision concerning the attorneys' fees and expenses of Class Counsel shall not affect the validity of the Agreement or finality of the Settlement in any manner.

Page - 14 - of 25

24.     Class Counsel shall be solely responsible for allocating the Class Counsel's fees and expenses among Plaintiffs' counsel.  Any award of attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion that, in the opinion of Class Counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Action.  Defendants shall bear no responsibility for this allocation or be subject to any claims or suit under this Agreement or otherwise.

25.     No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel will apply to the Court for a collective award of attorneys' fees and reimbursement of litigation expenses.  Upon funding of the Settlement Fund following Complete Settlement Approval, as contemplated in Paragraph 14, Class Counsel may instruct the Settlement Administrator in writing to disburse such payments immediately from the Settlement Account in accordance with the Court's Final Approval Order.  Defendants shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely from the Settlement Fund.

26.     No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel may also apply to the Court for case contribution awards to Plaintiffs in an amount not to exceed $5,000. Defendants will take no position with respect to any such application for Plaintiffs' case contribution award.  Defendants shall have no obligations whatsoever with respect to any case contribution awards, which shall be payable solely from the Settlement Fund.  Upon funding of the Settlement Fund following Complete Settlement Approval, as contemplated in Paragraph 14, Class Counsel may instruct the Settlement Administrator to disburse such case contribution award immediately from the Settlement Account in accordance with the Court's Final Approval Order.

Page - 15 - of 25

## Class Notice

27.     Defendants shall send the names, last known addresses, Social Security numbers, account/plan information, balances, and other pertinent information of the Settlement Class Members, as per Defendants' records, to the Settlement Administrator in electronic form as soon as practicable but no later than twenty-one (21) business days after entry of the Preliminary Approval Order.

28.     Within forty-five (45) calendar days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice by first-class mail to the Settlement Class Members. The Notice will be sent to the last known mailing address of each of the Settlement Class Members in the form attached hereto as Exhibit 2.

## Plan of Allocation

29.     The Plan of Allocation shall be prepared by Class Counsel and submitted to the Court for approval in connection with Final Approval of the Settlement.  The Court's approval of the Plan of Allocation is not a material or integral part of or condition to the Settlement, and the Court's rejection or modification of the Plan of Allocation shall neither entitle Plaintiffs or Defendants to withdraw from or terminate the Settlement, nor affect the validity or finality of the Settlement or Final Approval thereof.

30.     Class Counsel shall retain the Settlement Administrator to determine and calculate the amounts payable to Settlement Class Members.  The Settlement Administrator shall be exclusively responsible for determining and calculating the amounts payable to Settlement Class Members pursuant to the Plan of Allocation based on information to be provided by the Plan's recordkeepers or fiduciaries.  Defendants, the Releasees, Plaintiffs, and their respective counsel shall have no responsibility or liability for the Plan of Allocation determinations, calculations

Page - 16 - of 25

and/or the expenses incurred in connection with the determinations and calculations.

31.     For those Settlement Class Members who have an account in the Plan as of the date of entry of the Final Approval Order (the "Account Members"), the distribution will be made into his or her account in the Plan.  The Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Account Members, along with data and other supporting information identifying the Settlement share amount owed to each Account Member, to be transferred to the Plan's existing recordkeeper(s) in accordance with the recordkeepers' requirements for receiving same.  The Plan's recordkeeper(s) will then distribute the individual settlement shares to the Account Members pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with the Plan of Allocation and instructions from Class Counsel.

32.     For those Settlement Class Members who no longer have an account in the Plan at the time of the distribution of the share amounts owed to Class Members (the "Non-Account Members"), the distribution will be made by a check written from the Net Settlement Fund by the Settlement Administrator.  No Non-Account Member whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than twenty-five dollars ($25) shall receive any payment from the Net Settlement Fund.

33.     Defendants, the Releasees, and their respective counsel shall have no responsibility or liability for the tax-qualified status of any distribution issued by the Settlement Administrator of the Net Settlement Fund to the Settlement Class Members.

## **Prospective Relief**

34.     As a material component of the Settlement consideration, Defendants agree  that within two years of Complete Settlement Approval, The Auto Club Group, directly or through its

Page - 17 - of 25

plan fiduciary committee, respective delegees and/or agents, will conduct a Request for Proposal ("RFP") process for recordkeeping services for The Auto Club Group 401(k) Plan (nothing in this Agreement prohibits The Auto Club Group from retaining and/or renewing the Plan's current recordkeeper based on the RFP and relevant factors).

35. The Parties recognize that the Prospective Relief described in Paragraph 34 will benefit the Plan's participants, including the Settlement Class Members. In order to ensure that this prospective action affecting the Plan is not subject to future potentially inconsistent challenges or standards, and in recognition of the Defendants having agreed to make such prospective action, Plaintiffs and the Settlement Class Members agree that, for a period of five (5) years from the date of entry of the Final Approval Order, barring Defendants' violation of this Agreement, they will not sue Defendants or the Releasees for any and all claims relating to (i) any conduct relating to the evaluation of and the amount of (or formula for determining the amount of) compensation for recordkeeping and administrative services of Vanguard or any other third-party recordkeeping or administrative service provider; (ii) any failure to engage in a robust process for monitoring investments, recordkeeping and expenses for the Plan, and (iii) except as stipulated in Paragraph 34, any failure to conduct an RFP process for the selection and/or retention of third-party recordkeepers/administrators and/or investment consultants for the Plan as of the date this Agreement is executed.

**Right to Withdraw from the Settlement**

36. Each of the Parties shall have the option to withdraw unilaterally from and terminate the Settlement in the event that: (a) either the Preliminary Approval Order or the Final Approval Order referred to above is not entered substantially in the forms specified herein, including such modifications thereto as may be ordered by the Court with the consent of the

Page - 18 - of 25

Parties; or (b) the Settlement is not approved by the Court, or is disapproved, or is materially modified upon appeal.

37.    At their sole discretion, Defendants shall have the right to withdraw from this Settlement and terminate the Agreement if:

(a)    on or before fourteen (14) calendar days before the Court's final fairness hearing, the United States Department of Labor files any objection to the Agreement or Settlement in any court, brings a claim against any Releasees relating to the Released Claims, or notifies any Releasee that it intends to file such a Claim; or

(b)    the Independent Fiduciary retained by Defendants fails to approve the Settlement on or before fourteen (14) calendar days prior to the Court's final fairness hearing.  The Settlement is contingent upon the Independent Fiduciary's (i) approving the Settlement in writing and giving a release in its capacity as a fiduciary of the Plan and for and on behalf of the Plan coextensive with the release from the Plaintiffs and the Settlement Class Members; (ii) authorizing the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39; and (iii) finding that the Settlement does not constitute a prohibited transaction under ERISA § 406(a).  All Parties shall cooperate in providing information to the Independent Fiduciary upon request.

38.    In the event that the Settlement is terminated pursuant to Paragraphs 36 or 3737 of this Agreement, then: (a) the Settlement proposed herein shall be of no further force and effect; (b) the agreements and stipulations in this Agreement concerning class definition or class certification will not be used as evidence or argument to support class certification or class definition, and Defendants will retain all rights to oppose class certification; and (c) this Agreement and all negotiations, proceedings, and statements relating thereto, and any amendment thereof,

Case 3:21-cv-00319-MOC-DCK   Document 38-1   Filed 09/14/22   Page 19 of 36   19

shall be null and void, shall not be submitted or admitted in the Action or any other proceeding, and shall be without prejudice to any party hereto, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of this Stipulation.  If Defendants are responsible for the Settlement being terminated, any funds contributed to the Settlement Account, less amounts expended in furtherance of the administration of this Settlement in accordance with the terms hereof, shall be returned to the payor (whether Defendants or their insurance carrier(s)) within five (5) business days, together with a full accounting of the expenditures.  If Plaintiffs are responsible for the termination of Settlement, all funds contributed to the Settlement Account shall be returned to the payor (whether Defendants or their insurance carrier(s)) within five (5) business days.  If the parties are unable to agree, the matter will be submitted to and determined by mediator Robert Meyer.

**<u>Severability</u>**

39.     The provisions of this Agreement are not severable.

**<u>Authority</u>**

40.     Each of the individuals executing the Agreement on behalf of one or more of the Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Agreement and Stipulation on behalf of his or her respective Parties.

**<u>Stipulation of Settlement Not an Admission</u>**

41.     The provisions contained in this Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession, or an admission by Defendants of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in these or any

Page - 20 - of 25

other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation. Defendants have denied and continue to deny each and every claim alleged in the Action. Furthermore, this Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount. Accordingly, neither this Agreement nor the Settlement nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability or lack thereof of any Releasee; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission or lack thereof of any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. The Releasees may file the Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, claim or issue preclusion, accord and satisfaction, release, good-faith settlement, judgment bar, or reduction or any other similar defense or counterclaim. The Parties and their counsel, and each of them, agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information shall survive and be unaffected by this Agreement.

## Counterparts

42.     This Stipulation may be executed in any number of actual or telecopied (including without limitation, by email transmission of one or more PDF files) counterparts and by each of the different Parties thereto on several counterparts, each of which when so executed and delivered

Page - 21 - of 25

shall be an original. The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

### Waiver

43. The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

### Arm's-Length Negotiations

44. The Parties represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel, that in executing this Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel. Each Party assumes the risk of mistake as to facts or law. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

### Entire Agreement; Amendments

45. This Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto. The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms

and conditions of the Stipulation. The Parties intend this Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject matter of the Action, or which otherwise constitute Released Claims. Accordingly, the Parties agree that the terms of the Agreement represent a good-faith settlement of the claims, reached voluntarily after consultation with experienced counsel.

## Successors and Assigns

46. This Agreement, upon becoming operative, shall be binding upon and inure to the benefit of the Parties hereto, Releasees, and Plaintiffs' Released Parties and their respective successors, assigns, heirs, estates, executors and administrators and upon any corporation, partnership or entity into or with which any such person or entity may merge or consolidate.

## Governing Law

47. This Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case Michigan law will apply without regard to conflict-of-law principles.

## Continuing Jurisdiction

48. The administration, effectuation, and enforcement of the Stipulation as provided for herein will be under the authority of the Court. The Court will retain continuing and exclusive jurisdiction over the Parties and the Settlement Class Members and over the administration, effectuation, and enforcement of the terms of the Stipulation and the benefits to the Settlement Class Members hereunder, and for such other matters that may properly come before the Court, including any dispute or controversy arising with respect to the interpretation, enforcement, or implementation of the Stipulation or any of its terms. Any such dispute or controversy must be brought to the attention of the Court by written motion. The Parties and each of the Settlement

Page - 23 - of 25

Class Members consent to the jurisdiction of the Court with respect to any proceedings brought to enforce or interpret this Settlement and hereby waive all objections to venue and personal and subject matter jurisdiction in that regard.

## Best Efforts and Non-Disparagement

49.     The Parties and their Counsel all agree to cooperate fully with one another in seeking the Court's approval of this Agreement and the Settlement and to use their best efforts to effect final Court approval of this Agreement and the Settlement.

50.     The Parties and their Counsel shall refrain from making derogatory or disparaging comments related to Plaintiffs, Class Counsel, any Releasee, Insurer, Defendants, the Plan, and/or Defendants' Counsel.

Signed and Agreed to on this the ___ day of August, 2022:

**BY PLAINTIFFS' COUNSEL ON BEHALF OF THE SETTLEMENT CLASS:**

FITZGERALD HANNA & SULLIVAN, PLLC

_____

Andrew L. Fitzgerald
Douglas W. Hanna

Signed and Agreed to on this the ___ day of August, 2022:

**BY DEFENDANTS' COUNSEL ON BEHALF OF THE DEFENDANTS AND RELEASEES:**

JACKSON LEWIS P.C.

_____

René E. Thorne

4865-3656-3757, v. 1

Page - 25 - of 25

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case Action No. 3:21-cv-319-MOC-DCK**

| | |
|---|---|
| WES JOHNSON, and TAMEKIA BOTTOMS, individually and on behalf of all other similarly situated, The AAA Carolina Savings & Investment Plan and The Auto Club Group Tax Deferred Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLINA MOTOR CLUB, INC. d/b/a AAA Carolinas; and THE AUTO CLUB GROUP,<br><br>Defendants. | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, DESIGNATING CLASS COUNSEL AND SCHEDULING FINAL APPROVAL HEARING** |

This matter came on before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement of a proposed class action settlement, as set forth in the settling parties' Class Action Settlement Agreement ("Settlement Agreement"). The Court orders as follows:

1. The Court finds, on a preliminary basis, that the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval. Also, the Court finds the Settlement Agreement has been negotiated in apparent good faith and arms-length between experienced attorneys familiar with the legal and factual issues of the case with the assistance of an experienced mediator. The Court further finds that the form and method of the Notice of the Settlement and Fairness Hearing is appropriate. The Court also finds that the Settlement Agreement meets all applicable requirements of law, including Federal

Exhibit 1

Rule of Civil Procedure 23.  Accordingly, the Court preliminarily approves the Settlement Agreement in its entirety.

2. For Settlement purposes, the Court preliminarily certifies the following Settlement Class, as is set forth by the Motion:

> All members of the Plan as the Plan was defined above between July 6, 2014 until the date the Court grants preliminary approval.

3. Named Plaintiffs Wes Johnson and Tamika Bottoms are appointed as class representatives.

4. Fitzgerald, Hanna & Sullivan, PLLC is appointed as class counsel for the Settlement Class.

5. The Court approves the proposed Notice of Settlement and the method of giving direct notice to the Settlement Class members by U.S. mail.  The Court finds that the proposed notice fairly and adequately provides information to the Settlement Class including the nature of the claims asserted, the scope, the terms, the process for submitting a claim, the right to object to a settlement and the deadlines for so doing, the scope of the release provided, the identity of class counsel, compensation to class counsel and the class representatives, details about the Fairness Hearing, and the Settlement Members' right to appear at the Fairness Hearing.

6. Within thirty (30) calendar days of the entry of this Order, the Settlement Administrator shall distribute the proposed Notices to the Settlement Class by first class mail.

7. On [DATE] and [TIME], in courtroom [NUMBER] the Court will hold a Fairness Hearing.

8. Any Settlement Class Member may comment in support of or in opposition to the Settlement Agreement.

9. Any Settlement Class Member who fails to object in the manner proscribed herein shall be deemed to have waived the Settlement Class Members' objections and shall be barred from making such objections in the action.

10. The Settlement Agreement, and these proceedings related to the approval of the Settlement Agreement, and this Order are not evidence of any liability, responsibility, fault, or wrongdoing on the part of any party including any party receiving a release. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed by an appellate court, this action will proceed in all respects as though the Settlement Agreement had not been entered and this had not been ordered.

**SO ORDERED.**

This the _____ day of _____, 2022.

BY THE COURT

_____
Honorable Max O. Cogburn, Jr.
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA**

**Attention: All participants and beneficiaries in the AAA Carolinas Savings & Investment Plan[1]
between July 6, 2014, and <mark>Date of Preliminary Approval</mark>.**

*A Federal Court has authorized this Notice.  You are not being sued.
This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Carolina Motor Club, Inc., d/b/a AAA Carolinas ("CMC") and The Auto Club Group ("ACG") (collectively, "Defendants"), *Johnson, et. al., v. Carolina Motor Club, Inc., et. al.*, Case No. 3:21-cv-00319-MOC-DCK (the "Action").  The Action was filed by Wes Johnson and Tamekia Bottoms ("Plaintiffs") on behalf of themselves, the AAA Carolinas Savings & Investment Plan and The Auto Club Group Deferred Savings Plan ("Plan") against the Defendants.

- Plaintiffs allege that Defendants breached their duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by offering unreasonably priced investment options and allowing excessive compensation to be paid to service providers in connection with AAA Carolina Savings & Investment Plan and the Auto Club Group Tax Deferred Savings Plan to the extent that members of the AAA Carolina Savings & Investment Plan became participants in the Auto Club Group Tax Deferred Savings Plan.  Defendants deny any wrongdoing but agreed to settle this case in part to avoid the substantial costs of litigation.

- You are included as a Settlement Class Member if you are currently a Plan participant, or if you were a Plan participant at any time from July 6, 2014, through and including <mark>Date of Preliminary Approval</mark> (the "Class Period"), or if you are a Beneficiary or Alternate Payee of a Plan participant.

- Defendants have agreed to pay and/or cause its insurance carrier to pay a total of $500,000 (the "Settlement Amount") into a settlement fund, and further agreed to certain prospective non-monetary terms intended to benefit the Plan and its participants.  The Settlement would release Defendants and related parties from any claims filed against them in the Action.  The terms and conditions of the Settlement are set forth in the Settlement Agreement and Stipulation ("Settlement Agreement").  The Settlement Agreement and other information about the Action and Settlement are available at <mark>Website URL</mark>.

- The Court has preliminarily approved the Settlement, which provides that Settlement Class Members are eligible to receive a share of the Settlement Amount remaining after payment of[2]: (1) Settlement Administration Expenses; (2) attorneys' fee and expense award, if any; (3) Plaintiffs' case-contribution awards, if any; and (4) payment of any taxes or other charges allowed against the Settlement Fund.  The amount of each Settlement Class Member's payment will be calculated based on the Plan of Allocation that shall be prepared by Class Counsel and submitted to the Court for approval.

- **Please read this Notice carefully. Your legal rights are affected whether you act or not.**

---

[1] Including those whose plan accounts were merged into The Auto Club Group 401(k) Plan (f/k/a The Auto Club Group Tax-Deferred Savings Plan).
[2] The funds remaining after the payment of items 1-4 constitute the "Net Settlement Fund".

Exhibit 2

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO YOU NEED TO FILE A CLAIM?** | No.  If the Settlement is approved by the Court and you are a Settlement Class Member entitled to a payment under the Plan of Allocation, you do not need to do anything to participate in the Settlement.  All Settlement Class Members will be bound by the Settlement Agreement and will give up their rights to sue Defendants about the allegations and topics at issue in this case. |
| **YOU CAN OBJECT BY DEADLINE** | If you wish to object to any part of this Settlement, Class Counsel's request for attorneys' fees and expenses, or the proposed compensation to Plaintiffs, you may (as discussed below) write to the Court and Counsel to explain why you object.  Please note that if you object, the Court has authorized the parties to seek discovery from you, including requests for documents and appearance at a deposition. |
| **YOU CAN ATTEND A HEARING** | If you submit a written objection to the Settlement before the deadline above, you may (but do not have to) ask to speak at a hearing in Court about the fairness of the Settlement or related matters.  You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing unless you notify the Court and counsel by DEADLINE, of your intention to appear at the hearing. |
| **IF YOU DO NOTHING…** | If you are a **Current Participant**, you will get a share of the Net Settlement Fund to which you are entitled as a credit to your Plan account, and will give up your rights to sue Defendants about the allegations and topics of this case. |
| | If you are a **Former Participant**, whose settlement payment is $25 or more, you will receive such payment via check written from the Net Settlement Fund, and will give up your rights to sue Defendants about the allegations and topics of this case. |
| | If you are a Former Participant whose entitlement would be less than $25, you will not receive any payment but will still be bound by the Settlement Agreement and will give up your rights to sue Defendants about the allegations and topics of this case. |

## BASIC INFORMATION

### 1.  What is this notice and why should I read it?

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Johnson, et. al., v. Carolina Motor Club, Inc., et. al., Case No. 3:21-cv-00319-MOC-DCK* (W.D.N.C.), brought on behalf of the Settlement Class Members, and pending in the United States District Court for the Western District of North Carolina.  This notice describes the Settlement.  Please read this notice carefully.  Your rights and options—**and the deadlines to exercise them**—are explained in this notice.  If you are a Settlement Class Member, your legal rights are affected regardless of whether you act.

The Court has not yet decided whether to approve the Settlement. If the Court does so, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Settlement Class Members according to a Court-approved Plan of Allocation.  Information about your individual share of

the Net Settlement Amount, if any, will not be available until after the Court grants final approval of the Settlement and any appeals are resolved.

**2.  What is a class action lawsuit?**

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a large group of people who allegedly have similar claims.  After the parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and determined that the case should be treated as a class action for settlement purposes.

Wes Johnson and Tamekia Bottoms were participants in the Plan during the Class Period and are referred to as the "Plaintiffs."  The Court has appointed them as named representatives of the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

**3.  What is this Action about?**

Plaintiffs filed a complaint alleging that Defendants breached their fiduciary duties the Employee Retirement Income Security Act of 1974 ("ERISA").  Specifically, Plaintiffs alleged that Defendants offered unreasonably priced investment options and allowed excessive compensation to be paid to service providers in connection with AAA Carolina Savings & Investment Plan (and the Auto Club Group Tax Deferred Savings Plan to the extent that members of the AAA Carolina Savings & Investment Plan became participants in the Auto Club Group Tax Deferred Savings Plan).  A more complete description of what Plaintiffs alleged is in the operative Complaint, available on the Settlement Website at Website URL.

Each Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administration of the Plan, the administrative fees or expenses incurred by the Plan, or the investments in the Plan, at any time, and further denies that it in any way failed to act prudently or loyally as to the Plan participants and beneficiaries.

**4.  Why is there a Settlement?**

The Court has not decided in favor of either side in the Action.  Plaintiffs and Defendants (collectively, "the Parties"), through counsel, conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, including a day-long mediation with Robert Meyer of JAMS on June 8, 2022.  The Parties exchanged mediation statements, which included argument, analysis, and damages calculations of consulting experts.  Following negotiations, the Parties reached agreement on material terms of the Settlement, including the amount of the settlement fund and non-monetary relief, as set forth in the Settlement Agreement.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5.  How do I know if I am part of the Settlement?**

The Court has decided that anyone who fits the following description is part of the Settlement Class:

All participants and beneficiaries in the AAA Carolinas Savings & Investment Plan (including those whose plan accounts were merged into The Auto Club Group 401(k) Plan (f/k/a The Auto Club Group Tax-Deferred Savings Plan)).  The Class Period is defined as July 6, 2014 through Date of Preliminary Approval.

3

If you meet the definition above, then you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
| --- |

Defendants have agreed to pay (or cause their insurance carrier to pay) a total amount of $500,000 into an account at a financial institution identified by Class Counsel, which shall constitute the "Settlement Fund." This Gross Settlement Amount includes amounts for expenses associated with administering the Settlement, taxes, tax expenses, fees incurred for an Independent Fiduciary's review of the Settlement on behalf of the Plan, as well as Court-approved Attorneys' Fees and Expenses and compensation to the Plaintiffs. The net amount of the Settlement Fund, after payment of the aforementioned costs and expenses, will be allocated to the Settlement Class Members according to the approved Plan of Allocation, if and when the Court enters an order finally approving the Settlement.

As part of the Settlement, Defendants agree that within two years of Complete Settlement Approval, The Auto Club Group, directly or through its plan fiduciary committee, respective delegees and/or agents, will conduct a Request for Proposal ("RFP") process for recordkeeping services for The Auto Club Group 401(k) Plan. The Parties recognize that this Prospective Relief will benefit the Plan's participants, including the Settlement Class Members.

| 7. How much will my payment be? |
| --- |

The specific amount you might receive is not yet known and will be determined based on a proposed Plan of Allocation to be approved by the Court.

If you qualify, you will receive a share of the Net Settlement Amount. The Plan of Allocation will describe how the Net Settlement Amount will be distributed among Settlement Class Members. The full Plan of Allocation, including the details of each step in how the Settlement Administrator will calculate the Settlement payments, will be made available on the Settlement Website, Website URL.

No amount will be distributed to Former Plan Participants whose pro rata share is less than $25.00, because such amount is *de minimis* and would cost more in processing than its value. The Plan of Allocation will account for these individuals by reallocating these amounts among other eligible Settlement Class Members. The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits the Plan is instructed to make to Current Participants may not exceed the Net Settlement Amount.

## HOW TO GET BENEFITS

| 8. How do I get a settlement payment? |
| --- |

If you are a Settlement Class Member and are a **Current Participant**, your payment will be credited automatically into your Plan account and then invested in accordance you're your investment elections then on file with the Plan recordkeeper for new contributions.

If you are a Settlement Class Member and a **Former Participant**, your payment will be made via check.

4

You must complete and submit the roll over election form no later than <mark>Deadline</mark>.

| **9. When will I get my payment?** |

It is hard to say when you may receive your share of the Net Settlement Amount. The Court must approve the Settlement and there may be appeals. We do not know how long this may take. Please visit <mark>Website URL</mark> for updated information.

Please note: There will be no payments issued if the Settlement is terminated. The Settlement may be terminated on several grounds, described in the Settlement Agreement. In the event any of these conditions occur, there will be no Settlement payment made, and the litigation will resume.

## THE LAWYERS REPRESENTING YOU

| **10. Who represents the Settlement Class?** |

For purposes of the Settlement, the Court has appointed the law firm of Fitzgerald, Hanna, Sullivan, PLLC to represent the Settlement Class as "Class Counsel." If you want to be represented by your own lawyer, you may hire one at your own expense.

In addition, the Court appointed Plaintiffs Wes Johnson and Tamekia Bottoms as representatives of the Settlement Class. They are also Settlement Class Members. Subject to approval by the Court, Class Counsel has proposed that $<mark>XXXX</mark> be paid to each Plaintiff as the Class representative, in recognition of time and effort they expended on behalf of the Settlement Class. The Court will determine the proper amount of any such payment to Plaintiffs.

| **11. How will the lawyers be paid?** |

Class Counsel will file a petition asking the Court to award Attorneys' Fees and Expenses (a copy of the request will be posted on the Settlement Website when available). The Court will consider Class Counsel's petition at the Final Fairness Hearing. Class Counsel will apply for attorneys' fees not to exceed twent-give percent of the Gross Settlement Amount, plus out-of-pocket expenses incurred in prosecuting this case. The Court will decide the amount of any attorneys' fees and expenses to award to Class Counsel. Any and all attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the Gross Settlement Amount.

You have the right to object to this aspect of the Settlement even if you approve of its other aspects.

## YOUR RIGHTS AND OPTIONS

| **12. What is the effect of the Court's final approval of the Settlement?** |

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be calculated and distributed.

If the Settlement is approved, no Settlement Class Member will be permitted to assert any Released Claims in any other litigation against the Defendants, or any other Released Party. For a full description of the Release and Released Claims, please review the Settlement Agreement available at <mark>Website URL</mark>.

### 13. Can I opt out of the Settlement?

No. If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement. If the Court approves the Settlement, it will do so on behalf of a "mandatory" class under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class. However, although you cannot opt out of the Settlement, you can notify the Court of any objection you might have to the Settlement, as described below (*see* Question 16).

### 14. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you still will participate in the Settlement of the Action as described in this Notice. And you will release any claims you may have against Defendants and the other Released Parties concerning the conduct Plaintiffs allege in this Action. You may receive a payment as described in Question 8.

### 15. Can I sue Defendants for the same thing later?

No. If the Court approves the Settlement, you will have released any right to sue the Defendants, or any Released Party for the claims being resolved by this Settlement and any and all other "Released Claims," as set forth in the Settlement Agreement.

### 16. How do I tell the Court that I object to the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not agree with any part of it. To object, you must file with the Court a written statement of your objection(s), specifying the reason(s) for each objection, including any legal support or evidence that you wish to bring to the Court's attention. The Court will consider your views.

Your objection must include your name, address, and phone number. Your objection must also be signed by you or your counsel. Be sure to also include the following case caption and notation: "*Johnson, et. al., v. Carolina Motor Club, Inc., et. al.,* Case No. 3:21-cv-00319-MOC-DCK (W.D.N.C.)."

Please note that the Court's Preliminary Approval Order of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests on any objector.

**You must mail your objection to each of the addresses listed below and file the objection with the Court no later than DEADLINE. If you do not timely file an objection it will be deemed to have been waived, and you will be barred from raising the untimely objection.**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court United States Courthouse Charles R. Jonas Federal Building 401 West Trade Street, Room 1301 Charlotte, NC 28202 | Andrew L. Fitzgerald FITZGERALD, HANNA SULLIVAN, PLLC 119 Brookstown Ave., Ste. 402 Winston-Salem, NC 27101 | René E. Thorne Charles F. Seemann III JACKSON LEWIS P.C. 650 Poydras Street, Suite 1900 New Orleans, LA 70130 |
| | Douglas W. Hanna FITZGERALD, HANNA SULLIVAN, PLLC | H. Bernard Tisdale III JACKSON LEWIS, P.C. 200 South College Street |

| | 3737 Glenwood Ave., Suite 375<br>Raleigh, NC 27612 | Suite 1550, 15th Floor<br>Charlotte, NC 28202 |
|---|---|---|

### THE COURT'S FAIRNESS HEARING

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. The Final Fairness Hearing has been set for Date, at Time, before The Honorable Max O. Cogburn, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, N.C. 28202.

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for Attorneys' Fees and Expenses and the Plaintiffs' Compensation. You may attend the Final Fairness Hearing and also may ask to speak. If there are objections, the Court will consider them—but you do not need to attend the Final Fairness Hearing to have the Court consider an objection.

**Note**: The date and time of the Final Fairness Hearing are subject to change by Court Order and may be conducted via conference call or other remote means. You will not receive a separate notice, but any such changes will be posted on the Settlement Website, at Website URL.

**18. Do I have to come to the hearing?**

No, but you are welcome to come at your own expense. Class Counsel will answer any questions the Court may have. If you send an objection, you do not have to attend the Final Fairness Hearing to voice your objection in person. As long as you mail your written objection on time and meet the other criteria outlined above, the Court will consider it. You also may pay your own lawyer to attend the Final Fairness Hearing, but attendance is not necessary.

**19. May I speak at the hearing?**

Yes. You must send a letter or other paper called a "Notice of Intention to Appear at the Final Fairness Hearing in *Johnson, et. al., v. Carolina Motor Club, Inc., et. al., Case No. 3:21-cv-00319-MOC-DCK (W.D.N.C.)*." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than DEADLINE and be sent to the Clerk of the Court, Class Counsel, and Defendants' Counsel at the addresses listed above.

### GETTING MORE INFORMATION

**20. Where can I get more information?**

This notice provides only a summary of matters relating to the Settlement. For more detailed information, you may wish to review the complete Settlement Agreement. That Agreement and various other related information can be found at the Settlement Website, Website URL.

You may also obtain more information by writing to the Settlement Administrator at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, emailing email address, or by calling toll-free at (XXX) XXX-XXXX.

The Settlement Agreement and other pleadings and papers filed with the Court are also available during regular business hours at the office of the Clerk of the Court.

**PLEASE DO <u>NOT</u> CONTACT THE COURT OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**