| | |
|---|---|
| **WES JOHNSON and TAMEKIA BOTTOMS, individually and on behalf of similarly situated persons, the AAA Carolina Savings & Investment Plan and The Auto Club Group Tax Deferred Savings Plan,**<br><br>Plaintiffs,<br><br>v.<br><br>**CAROLINA MOTOR CLUB, INC. d/b/a AAA Carolinas and THE AUTO CLUB GROUP, INC.,**<br><br>Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Final Approval of a Settlement Agreement. (Doc. No. 43). On February 27, 2023, this Court held a hearing on Plaintiff's Motion for Final Approval and a Settlement Conference. At the hearing, the parties communicated their mutual agreement on settlement terms. Therefore, having carefully considered Plaintiff's Motion for Final Approval, the Court will **GRANT** the Motion for Final Approval.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Final Approval is **GRANTED** and the Court hereby:

(1) The Court has jurisdiction of this action and personal jurisdiction over all parties, including members of the Settlement Class.

(2) The following Settlement Class is certified per Rule 23(b)(1) for purposes of this Settlement only: All participants and beneficiaries in the AAA Carolinas Savings & Investment Plan (including those whose plan accounts were merged into The

Auto Club Group 401(k) Plan (f/k/a The Auto Club Group Tax-Deferred Savings Plan)).

(3) Per Rules 23(e)(1)(A) and (C), the Court approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

(4) The Court orders the settling parties take all necessary steps to effectuate the terms of the Settlement Agreement.

(5) In accordance with the Court's orders, and the Declaration of Kevin Flynn to the Motion, Doc, No. 43, Exhibit 2, Angeion Group, LLC timely mailed the appropriate notices to all Class Members who could be identified with reasonable effort.

(6) The form and methods of notifying the Class Members of the term and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people and entities, consistent with Rule 23 and due process.

(7) The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact and law issues:

   a. The Settlement resulted from arm's-length negotiations by experienced counsel and mediator;

   b. The Settlement was negotiated after Class Counsel had received information about the class and issues from Defendants;

     c. The parties were in a position to evaluate settlement;

     d. If the case had not settled the parties faced risks, vagaries, and costs;

     e. The amount of the Settlement is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the case, recovery, the risks of litigation, and settlement that have been approved in similar cases;

     f. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

     g. Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

     h. There are no objections to the Settlement.

(8) The Motion for Final Approval of the Settlement Agreement is **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate.

(9) This Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or derivatively for the Class Members or Plan, are dismissed with prejudice, without costs to any settling parties other than as provided in the Settlement Agreement.

(10) The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, affiliated, estates, partners, officers, directors, agents, attorneys, successors and assigns shall be (1) conclusively deemed to have finally, fully, and forever settled, relinquished, waived, and discharged Defendants, the Plans, and any Released Party from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plans, or the Released Parties in any action

of proceeding alleging any of the Released Claims.

(11) The Court retains jurisdiction over the claims herein for the purpose of enforcing and interpreting the Final Approval Order and Settlement Agreement.

(12) The Settlement Administrator shall have final authority to determine the share of the settlement allocated to each Participant pursuant to the Plan of Allocation.

(13) The Settlement Administrator will obtain from the Plans' recordkeeper the opening Plan account balance as of September 30, 2014, and each subsequent quarter-end account balance, for every Class Member through June 30, 2022.

(14) The Settlement Administrator will sum each Class Member's opening account balance as of September 30, 2014, and his or her quarter-ending balances through June 30, 2022, to arrive at each Class Member's "Total Balance" for the Class Period.

(15) The Settlement Administrator will sum the Total Balance for each Class Member who has a positive Total Balance to arrive at a "Total Balance for the Class." The Settlement Administrator will then divide the Total Balance for each Class Member who has a positive Total Balance by the Total Balance for the Class, with the quotient representing the Preliminary Entitlement Percentage for each Class Member (i.e. Preliminary Entitled Percentage = positive Total Balance for each Class Member ÷ Total Balance for the Class.)

(16) The Settlement Administrator will multiply each Class Member's Preliminary Entitlement Percentage by the Net Settlement Amount, with the product representing the Class Member's Preliminary Entitlement Amount (i.e., Preliminary Entitlement = Preliminary Entitlement Percentage x Net Settlement Amount).

(17) The Settlement Administrator will identify any Class Members whose Preliminary Entitlement Amount is less than $25 and who also are former participants (the "No Payment Group"). The Settlement Administrator will repeat the processes in (14) and (15) above, this time excluding the Total Balances for the No Payment Group, to arrive at the Final Entitlement Percentage for each remaining Class Member (i.e., Final Entitlement Percentage = [positive Total Balance for each Class Member not in the No Payment Group] ÷ [Total Balance for the Class minus Total Balance for the No Payment Group]).

(18) Finally, the Settlement Administrator will multiple the Final Entitlement Percentage for each Class Member not included in the No Payment Group by the Net Settlement Amount, with the product representing each Class Member's "Final Entitlement Amount." These calculations will determine how much each Class Member receives.

(19) The Settlement Administrator can use these calculations to instruct the Plan how much to allocate to the accounts of current participants in the Plan. The Settlement Administrator will make distributions to the former participants in the form of checks written from the Net Settlement Fund.

(20) In the event that these calculations result in payments exceeding the Net Settlement Amount, the Settlement Administrator may make changes as necessary to ensure that total distributions do not exceed the Net Settlement Amount.

(21) Any question regarding distributions not clearly resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in is discretion.

(22) Within 30 days of the issuance of all settlement payments, the Settlement

Administrator will prepare and prove a list of each person who received a settlement payment and the amount.

**IT IS SO ORDERED**.

Signed: March 28, 2023

Max O. Cogburn Jr.
United States District Judge